IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Antonio Melgoza & Modesta Melgoza, | Bankruptcy No. 10 B 53264 |
| Debtors. | |
| Antonio Melgoza & Modesta Melgoza, | |
| Plaintiffs, | Adversary No. 11 A 00328 |
| v. | |
| Washington Federal Bank for Savings, | |
| Defendants. | |

## MEMORANDUM OPINION ON PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

This is an Adversary proceeding related to the Chapter 13 bankruptcy case filed by Antonio and Modesta Melgoza ("Debtors") on November 30, 2010. The Debtors have filed a motion for summary judgment, seeking to strip off and void a junior mortgage held by Washington Federal Bank for Savings ("Washington") under 11 U.S.C. § 506(d). In its Answer to the Debtor's Complaint, Washington contested the authority of this Court to grant the relief prayed for. Def. Answer 1–2. Washington then asserted that 11 U.S.C. § 1322(b)(2) prevents the stripping off of its junior lien on the Melgoza's home so that

it may not be voided under § 506(d). Id. However, its counsel declined to file any brief or materials opposing summary judgment. Washington's counsel also, however, asserted that the defendant was not waiving its opposition to the motion and, in particular, not waiving the argument that stripping a lien on a Chapter 13 debtor's principal residence is prohibited by 11 U.S.C. § 1322(b)(2) ("the antimodification provision"). Tr. June 6, 2011; see also Def. Answer 1–2. He thereby appeared to seek to preserve an option to appeal the decision herein without having briefed it.

## UNDISPUTED FACTS

The following facts were established by Motion and stipulation of the parties and have not been disputed: Debtors own real estate that is their principal residence located at 4611 South Spaulding Avenue in Chicago. Pursuant to its proof of claim, Washington holds a first mortgage lien on the property with a balance due of $176,021 and also holds a second mortgage lien on the residence with a balance due of $129,625.34. On October 20, 2010, Debtors obtained a Comparative Market Analysis of the property that valued the residence as worth $165,000. Comp. ¶ 4. As the value of the first mortgage exceeds the value of the property, Washington's second mortgage on the residence is wholly unsecured. The Debtors' Motion for Summary Judgment, if approved, would permit them to strip off and void Washington's second mortgage. Additional undisputed facts are set forth in Stipulations of Fact filed by the parties, appended to this Opinion.

For reasons stated below, the Debtors' Motion for Summary Judgment is allowed because Washington's junior lien is wholly unsecured. Therefore, the lien will be stripped off and voided pursuant to 11 U.S.C. § 506(d).

## JURISDICTION

Jurisdiction lies under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

## DISCUSSION

### SUMMARY JUDGMENT STANDARDS

A moving party is entitled to Summary Judgment when it can show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Smeigh v. Johns Manville Inc.*, 643 F.3d 554, 560 (7th Cir. 2011). The facts are to be viewed in the light most favorable to the party opposing the motion for summary judgment. Id.

As described below, Washington's counsel waived any argument against the Debtors' Motion for Summary Judgment and did not file briefs on the matter. Tr. June 6, 2011.

### A. AUTHORITY SUPPORTING THE STRIP OFF OF WASHINGTON'S SECOND MORTGAGE

At issue is whether a Chapter 13 debtor may strip off and void a wholly unsecured junior mortgage as provided by 11 U.S.C. § 506(d)[1], or whether such action is prohibited by the

---

[1] The provision states in relevant part that: "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ." 11 U.S.C. § 506(d).

antimodification provision applicable to home mortgage holders in 11 U.S.C. § 1322(b)(2). Although the Seventh Circuit has not considered the issue, most courts, including the Second, Third, Fifth, Sixth, Ninth, and Eleventh Circuit Courts of Appeals, have permitted the strip off of wholly unsecured junior liens on a Chapter 13 debtor's principal residence. *In re Pond*, 252 F.3d 122 (2nd Cir. 2001); *In re McDonald*, 205 F.3d 606 (3d Cir. 2000), cert. denied, 531 U.S. 822 (2000); *In re Bartee*, 212 F.3d 277 (5th Cir. 2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002); *In re Zimmer*, 313 F.3d 1220, 1227 (9th Cir. 2002); *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000).[2] The Bankruptcy Appellate Panel for the First Circuit has also adopted the reasoning of these courts. *In re Mann*, 249 B.R. 831 (B.A.P. 1st Cir. 2000). In addition, at least one District Court Judge and two Bankruptcy Court Judges in this Circuit have adopted the reasoning of the majority position's treatment of wholly unsecured junior liens on a debtor's principal residence. *In re Holloway*, No. 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001) (Darrah, J.); *In re Ginther*, 427 B.R. 450 (2010) (Barbosa, J.); *In re Waters*, 276 B.R. 879 (2002) (Squires, J.).

Each of the forgoing opinions analyze in detail implications of the Supreme Court decision in *Nobleman v. American Savings Bank*, 508 U.S. 324 (1993). In that case, the

---

[2] At odds with the uniformity of Circuit Court opinion on the issue, an Eleventh Circuit panel expressed disagreement with the majority position adopted by another panel in that Circuit in a case decided months earlier. Its Opinion stated that, "were we to decide this issue on a clean slate, we would not so hold." *In re Dickerson*, 222 F.3d 924, 926 (11th Cir. 2000). The panel nevertheless treated the prior decision as established precedent and allowed a Chapter 13 debtor to strip off a wholly unsecured junior lien on the debtor's principal residence. *Id.*

Court rejected the practice of many courts to strip off *undersecured* mortgages on a Chapter 13 debtor's principal residence. *See id.*; *In re Bellamy*, 962 F.2d 176 (2d Cir. 1992); *In re Hart*, 923 F.2d 1410 (10th Cir. 1991); *Wilson v. Commonwealth Mortgage Corp.*, 895 F.2d 123 (3d Cir. 1990); *In re Hougland*, 886 F.2d 1182 (9th Cir. 1989). At issue in *Nobleman* was whether a partially secured claim secured by a lien on a debtor's principal residence could be bifurcated into secured and unsecured components in order to "strip down" the value of the secured claim. The debtors in *Nobleman* argued that § 506(a) limited recovery for the holder of a secured claim to the portion of the claim that is supported by the value of the property where the claim value exceeds the value of the underlying property. *Nobleman*, 508 U.S. at 326. Section 506(a) was used, therefore, to divide a mortgage into secured and unsecured portions, prohibiting modification of only the secured portion. *See id.*

The Opinion in *Nobelman* rejected this approach, emphasizing the "rights of holders of secured claims" that are secured only by a security interest in a Chapter 13 debtor's principal residence. *Id.* at 330. Therefore, the basis for protecting the secured portion of the creditor's claim was the existence of valid mortgage documents furnishing state-law rights in the collateral. *Id.* at 329. In *Nobleman*, protection of the creditor's unsecured portion of the claim was not based on actual value of the property supporting the lien. *Id.* at 330. According to the Opinion, the protection afforded to home

—5—

mortgage lenders under § 1322(b)(2) begins with a judicial valuation under § 506(a). *See id.* at 328.

In this case the facts asserted and established under Summary Judgment procedures have not been disputed. Washington has not contradicted the balances due on either its first or second mortgage. Furthermore, Washington has not challenged the current value of the Debtors' primary residence. The first mortgage of Washington in the amount of $176,504.00 consumes the value the Debtors' property, leaving Washington's second mortgage wholly unsecured.

Courts that allow the strip off of wholly unsecured junior liens have considered together two provisions in the Bankruptcy Code. First, § 506(a) is used to categorize allowed claims as either secured or unsecured, according to the value of the underlying collateral. *In re Bartee*, 212 F.3d at 284 (*citing Collier on Bankruptcy* 506.03). That provision provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and the proposed disposition or use of such property.

—6—

11 U.S.C. § 506(a)(1).

Under the Bankruptcy Code, "secured claim" is a term of art. *Zimmer*, 313 F.3d at 1223. Thus, not every claim secured by a recorded lien on the property will be a "secured claim." *Id.* As a result, a claim such as Washington's second mortgage, is not a "secured claim" to the extent that it is not supported by property value after the size of the first mortgage claim is considered.

Second, in general, a Chapter 13 debtor may, through a plan, modify the rights of creditors holding secured claims subject to requirements under § 1325(a)(5). The exception to this power, found in § 1322(b)(2), prohibits modification of the rights of the holder of a claim secured only by a security interest in the debtor's principal residence. 11 U.S.C. § 1322(b)(2). Section 1322(b)(2) states in relevant part that a "plan may . . . modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." *Id.*

Some courts following the minority approach to this issue hold that § 1322(b)(2) forbids modification of even wholly unsecured junior liens. *See, e.g., In re Dickerson*, 229 B.R. 539, 542 (Bankr. M.D. Ga. 1999); *In re Enriquez*, 224 B.R. 156, 161–62 (Bankr. S.D. Cal. 2000). They reason that the statute emphasizes the existence of the lien, not the value of the lien. *Dickerson*, 229 B.R. at 542. This approach, however, is at odds with the valuation approach used by the Supreme Court in *Nobleman*, where the Court began by valuing the creditor's claim pursuant to § 506(a). *Nobleman*, 508 U.S. at 328. That

Opinion provided that courts should engage in a § 506(a) valuation of a creditor's claim to determine the propriety of modifying that claim. *Id.; see also Zimmer*, 313 F.3d at 1226.

Under reasoning of most courts to have decided the issue, application of § 506(a) precludes the use of § 1322(b)(2) because a creditor found to be wholly unsecured under § 506(a) is not a "holder of a claim" secured by the debtor's residence. *In re Zimmer*, 313 F.3d at 1225. Section 1322(b)(2) does prohibit modification of the rights of a holder of a claim secured by a lien on a debtor's principal residence. *Id.* However, that provision does not prevent modification of rights held by an unsecured claim holder. *Id.* Section 506(a) determines whether a lien claimant is the holder of a "secured claim" or an "unsecured claim," depending on whether there is any actual value in the security interest. *Id.* Where a claimant's lien on the debtor's residence is not supported by any value, the claimant holds an "unsecured claim." *Id.* That claim is subject to modification by a Chapter 13 debtor's plan. *Id.*

Here, Washington's second mortgage on the Debtors' residence is unsecured because the value of the first mortgage exceeds the value of the home. Washington has not contested the valuation offered by the Debtors, nor has it explained its pleaded opposition to strip off of the junior mortgage. Therefore, the second mortgage may be stripped off and voided because § 1322(b)(2) does not protect Washington's junior mortgage.

### B. WAIVER OF DEFENSES TO AND ARGUMENTS AGAINST THE MOTION

Washington gave notice by Answer of its contention that authority is lacking in Chapter 13 to strip away and void a second mortgage as to which no value or equity exists to support its secured status. Def. Answer 1–2. Its counsel declined, however, to brief or argue the issue when the Motion was presented, though he did not withdraw that pleaded contention. Tr. June 6, 2011. Therefore, arguments that Washington may have used and defenses that it may have asserted have been waived. *See Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720 (7th Cir. 2008); *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 340 (7th Cir. 2000). Based on the forgoing authority, counsel cannot assert defenses and retain them for appeal when those issues are not in any way briefed or argued to the trial court for review.

### CONCLUSION

By separate order the Debtors' Motion for Summary Judgment will be allowed and judgment entered for Plaintiffs because there is no issue of material fact and Plaintiffs are entitled to judgment as a matter of law. The value of the Debtors' principal residence cannot support Washington's second mortgage on the property. Washington has not disputed that valuation. Therefore, its junior lien is wholly unsecured and may be stripped off and voided pursuant to § 506(d). An appropriate declaratory judgment pursuant to this ruling will be separately entered.

Enter: _____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 30th day of August, 2011.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Antonio Melgoza<br>Modesta Melgoza<br>Debtor(s) | ) ) ) ) ) ) | Case No.: 10-53264<br><br>Judge: Jack B. Schmetterer<br><br>CHAPTER 13 |
| Antonio Melgoza<br>Modesta Melgoza<br>Plaintiff<br><br>v.<br><br>Washington Federal Bank for Savings<br>Defendant | ) ) ) ) ) ) ) ) ) | Adv. Pro. No. 11-00328 |

## STIPULATION OF FACT

**A. The Parties**

1. The Plaintiffs are Antonio Melgoza and Modesta Melgoza.

2. The Defendant is Washington Federal Bank for Savings.

**B. Factual Background**

1. On or about November 30, 2011 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 4611 S. Spaulding Ave, Chicago, IL 60632, RE PIN 19-02-429-004-0000 which is their principle residence.

3. That Washington Federal Bank for Savings holds a first mortgage lien on the real property commonly known as 4611 S. Spaulding Ave, Chicago, IL 60632, RE PIN 19-02-429-004-0000, with a secured claim of approximately $176,021.00 pursuant to the proof of claim.

Ex A to Opinion

4. The Defendant holds a second mortgage lien on the real property known as 4611 S. Spaulding Ave, Chicago, IL 60632, RE PIN 19-02-429-004-0000 in the approximate amount of approximately $129,625.34 pursuant to proof of claim #10-1 filed on February 15, 2011 by Defendant.

5. That the Plaintiffs obtained an valuation of the property on October 20, 2010 indicating the value of 4611 S. Spaulding Ave, Chicago, IL 60632, RE PIN 19-02-429-004-0000 as $165,000.

6. The first mortgage lien of Washington Federal Bank for Savings is a secured claim based on the mortgage recorded on June 4, 2009 as document number 0915534069 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded June 9, 2009 as document number 0916008002 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $540 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. The first mortgage principle balance of Washington Federal Bank for Savings in the approximate amount of $176,504.00 exhausts the value and equity in Plaintiffs' residence.

11. There is no value and equity in the Plaintiff's principle residence at 4611 S. Spaulding Ave, Chicago, IL 60632, RE PIN 19-02-429-004-0000 to support the junior mortgage of the Defendant.

12. That the Plaintiff's principle residence at 4611 S. Spaulding Ave, Chicago, IL 60632, RE PIN 19-02-429-004-0000 is fully encumbered by the first mortgage of Washington Federal Bank for Savings leaving no value or equity for the junior mortgage lien of Washington Federal Bank for Savings.

_____
Elisabeth A. Mohr
Ledford & Wu
Attorney for Plaintiffs/Debtors
Antonio Melgoza
Modesta Melgoza

_____
Francis J. Pendergast, III
Crowley & Lamb, P.C.
Attorney for Defendant/Creditor
Washington Federal Bank
for Savings